UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA MARIE STEWART,<br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., et al.,<br>    Defendants. | No. 3:22-cv-1243 (SRU) |

**RULING ON MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Donna Marie Stewart, proceeding *pro se*, moves this Court to issue a temporary restraining order to "force State Court, the Housing Court of Fairfield located in Bridgeport, and the attorneys for Jose Pandashina to cease and desist all foreclosure and eviction efforts" in connection with a state court foreclosure proceeding. For the reasons that follow, this Court lacks jurisdiction over Stewart's claims. Therefore, I **deny** the motion for a temporary restraining order and **dismiss** this case.

I.    Background[1]

  A.  Factual Background

On January 6, 2020, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R10 ("Deutsche Bank"), commenced a foreclosure action via a writ, summons, and complaint in Connecticut

---

[1] In this recitation of the background of this case, the Court takes judicial notice of the underlying foreclosure action in conformance with Federal Rule of Evidence 201. *See* Fed. R. Evid. 201 (permitting judicial notice of documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) ("The New York State . . . prosecution of [the defendant] is a matter of public record, of which we take judicial notice.").

Superior Court at Bridgeport. *See Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R10 v. Donna M. Stewart*, Dkt. No. FBT-CV20-6093049-S (Conn. Super. Ct. filed Jan. 6, 2020) (hereinafter, "*Foreclosure Case*"). Deutsche Bank sought to foreclose upon the property known as 324 Truman Street, Bridgeport, Connecticut ("the Property"), alleging that Stewart had defaulted on a promissory note secured by the Property. *Foreclosure Case,* Compl. Deutsche Bank moved for summary judgment regarding Stewart's liability. *Foreclosure Case*, Doc. No. 108.00. The Honorable Walter Michael Spader Jr. held a hearing on the motion and granted it. *Foreclosure Case*, Doc. No. 108.10. Thereafter, the Superior Court entered a final judgment of strict foreclosure, and title to the property vested in Deutsche Bank. *Foreclosure Case*, Docs. No. 114.10, 127.00, 135.50. No notice of appeal entered. An execution of ejectment issued on January 6, 2022. *Foreclosure Case*, Doc. No. 139.00.

Beginning on February 9, 2022, Stewart filed several motions to dismiss the *Foreclosure Case*. *See* Docs. No. 146.00 (Feb. 9, 2022), 190.00 (June 30, 2022), 194.00 (July 21, 2022), 196.00 (July 21, 2022), and 201.00 (Sept. 29, 2022). Each motion, except for the still-pending September 29, 2022 motion, was denied. *See* Docs. No. 146.50 (denying the Feb. 9, 2022 motion), 190.50 (denying the June 30, 2022 motion), 194.10 (denying the July 21, 2022 motion), and 196.10 (denying the other July 21, 2022 motion). Of note, the motions filed on June 30 and July 21, 2022 were both denied on the basis that final judgment in the case had entered and the case had not been reopened.

B. Procedural History

On October 5, 2022, Stewart filed in this Court a document captioned as a "restraining order injunction to block state court from moving forward with the foreclosure and eviction

while my motion to challenge jurisdiction is pending, and request for emergency hearing on the matter in state court." Doc. No. 1. Stewart brings suit against Deutsche Bank National Trust Company, as trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004R10; Bendett & McHugh, P.C.; DePanfilis & Vallerie, LLC; PHH/OCWEN Mortgage Company; Jose Pandashina; Jane Doe +10 unnamed; and John Doe +10 unnamed (collectively, "Defendants"). Stewart appears principally to seek an injunction staying the foreclosure and ejectment. *Id.* at 10.

She seems to assert that the foreclosure judgment was defective due to deficient evidence, implying that the foreclosure judgment was predicated on lawyer testimony and not fact evidence. *Id.* at 2. She also alleges that the bank and debt collector are "operating through fraud," because the "original debt was actually zero because the borrower's financial asset was exchanged for FED's promissory notes in an even exchange." *Id.* at 5-6.

## II.   Standard of Review

To prevail on a motion for a temporary restraining order, a movant must demonstrate "that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (cleaned up).[2]

Courts apply a more stringent burden of proof when a movant seeks a "mandatory preliminary injunction that alters the status quo," rather than a "prohibitory injunction seeking only to maintain the status quo." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011). In that instance, a movant must demonstrate a "clear" or "substantial" likelihood of success on the

---

[2] In the Second Circuit, the same legal standard governs motions for temporary restraining orders and motions for preliminary injunctions. *See Fairfield Cty. Med. Ass'n v. Healthcare of New England*, 985 F. Supp. 2d 262, 270 (D. Conn. 2013), *aff'd as modified sub nom. Fairfield Cty. Med. Ass'n v. United Healthcare of New England, Inc.*, 557 F. App'x 53 (2d Cir. 2014).

merits. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). Because the proposed injunction's impact on the status quo drives the standard, courts must first identify the "'status quo'—that is, 'the last actual, peaceable uncontested status which preceded the pending controversy.'" *North America Soccer League LLC v. United States Soccer Federation*, 883 F.3d 32, 37 (2d Cir. 2018) (cleaned up). The status quo here is that a final judgment of foreclosure had issued in the state court. Stewart asks me to enjoin the parties from executing that judgment. Thus, Stewart must satisfy the higher burden that applies to mandatory injunctions.

Because Stewart proceeds *pro se*, I must construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### III.    Discussion

The Court declines to grant a temporary restraining order because Stewart cannot demonstrate that she is likely to succeed on the merits of her claim because the relief sought is barred by the *Rooker-Feldman* doctrine.

Federal courts are courts of limited jurisdiction. *See* U.S. Const., art. III, § 2, cl. 1. They only have subject matter jurisdiction when an action arises under the Constitution or laws of the United States, or where the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. In this case, Stewart's claims principally sound in foreclosure, "a quintessential state cause of action." *Bank of New York v. Consiglio*, 2017 WL 4948069, at *3 (D. Conn. Nov. 1, 2017). The Second Circuit has repeatedly concluded that federal district courts generally lack jurisdiction over foreclosure actions. *See, e.g., Gonzalez v. Deutsche Bank Nat. Trust Co.*, 632 F. App'x 32, 34 (2d Cir. 2016) (summary order). Accordingly, this Court generally abstains from exercising jurisdiction over foreclosure

matters.  *See*, *e.g.*, *Ocampo v. Countrywide Home Loans, Inc.*, 2020 WL 1532392, at *2 (D. Conn. Mar. 31, 2020); *see also Muong v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) ("[I]t is well settled that judgments of foreclosure . . . are fundamentally matters of state law." (collecting authorities)).

Here, Stewart appears to seek to appeal the Superior Court's findings of fact and conclusions of law leading to the judgment of foreclosure, but this Court may not hear that appeal.  The *Rooker-Feldman* doctrine prohibits federal district courts from exercising subject matter jurisdiction over "suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (*citing Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  Stewart's claim, on its face, appears to satisfy the four *Rooker-Feldman* requirements.

First, Stewart appears to have lost in state court.  *Hoblock*, 422 F.3d at 85.  The Superior Court determined that Stewart was liable, and it entered a final judgment of strict foreclosure. *Foreclosure Case*, Docs. No. 108.10, 114.10, 127.00.

Second, Stewart appears to complain of injuries caused by a state-court judgment. *Hoblock*, 422 F.3d at 85.  She seeks to stay the ejectment arising from the judgment of foreclosure.  *See Foreclosure Case*, Doc. No. 139.00.

Third, Stewart appears to invite this Court to review and reject that judgment.  *Hoblock*, 422 F.3d at 85.  In its written ruling on the state court plaintiff's motion for summary judgment, the Superior Court held that Deutsche Bank had established its *prima facie* case for foreclosure and that Stewart had not set forth the existence of a genuine issue of material fact or a viable defense that would prevent the court from granting summary judgment to the state court plaintiff on the issue of Stewart's liability.  *See Foreclosure Case*, Doc. No. 108, at 8-9.  In doing so, the

Superior Court determined that Deutsche Bank was the valid owner of the promissory note and mortgage secured by the Property; that Stewart had defaulted on the note; and that conditions precedent to foreclosure, including the satisfaction of various notice requirements, were satisfied. *Id.* at 6.  In this Court, Stewart appears to challenge the basis for the foreclosure judgment.  She alleges that the promissory note was fraudulent; that it was a void "ultra vires" contract; and that no lawful consideration was exchanged for the note.  *Id.* at 8-9.  Because the Superior Court has already adjudicated the validity of the note and mortgage, however, this Court cannot now sit in review of the Superior Court's determination of Stewart's liability.  *See, e.g.*, *Ocampo v. Countrywide Home Loans, Inc.*, 2020 WL 1532392, at *3 (D. Conn. Mar. 31, 2020) (holding that *Rooker*-*Feldman* divested this Court of jurisdiction over a fraud claim challenging the validity of a foreclosure).

Fourth, the state court judgment rendered before the district court proceedings commenced.  *Hoblock*, 422 F.3d at 85.  The Superior Court entered a final judgment of strict foreclosure on March 8, 2021, over a year before this suit was filed.  *Foreclosure Case*, Doc. No. 114.10.

Having "lost in the [state court] foreclosure action," Stewart "may not now re-litigate the validity of the foreclosure in federal court."  *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 517-18 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016).  Because Stewart seems to request that this Court sit in review of her state court foreclosure proceedings and this Court lacks jurisdiction to do so, Stewart cannot establish that she is likely to succeed on the merits of her underlying case.

Moreover, because this Court appears to lack jurisdiction over Stewart's claims, I must dismiss this case.

## IV. Conclusion

The motion for a temporary restraining order, doc. no. 3, is denied, and this case is dismissed without prejudice for lack of jurisdiction.

I respectfully request that the Clerk close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of October 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge