UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONNA MARIE STEWART,<br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR<br>AMERIQUEST MORTGAGE<br>SECURITIES INC., et al.,<br>    Defendants. | No. 3:22-cv-1243 (SRU) |

**RULING ON MOTION FOR RECONSIDERATION**

Donna Marie Stewart, proceeding *pro se*, appears to have alleged that a Connecticut state court wrongfully issued a judgment of foreclosure in an underlying housing court case. I concluded that I could not afford her the requested relief because I construed her complaint as an effort to appeal the state court judgment and because I lacked jurisdiction over her claims. Accordingly, I denied her motion for a temporary restraining order and dismissed her complaint. Doc. No. 7. Stewart now moves for reconsideration of my order. Doc. No. 9. However, Stewart has not carried her burden of establishing that this Court can afford the requested relief nor that this Court has jurisdiction over her claims. Therefore, I **deny** the motion for reconsideration.

**I.    Background**

On October 5, 2022, Stewart filed a document captioned as a "restraining order injunction to block state court from moving forward with the foreclosure and eviction while my motion to challenge jurisdiction is pending, and request for emergency hearing on the matter in state court." *See generally* Doc. No. 1. Asking this Court to "force State Court, the Housing Court of Fairfield located in Bridgeport, and the attorneys for Jose Pandashina to cease and desist

all foreclosure and eviction efforts," Stewart appeared to seek an injunction staying the foreclosure upon the property known as 324 Truman Street, Bridgeport, Connecticut ("the Property"), and ejectment from the Property because, she claimed, the state court judgment of foreclosure was defective on numerous bases. *Id.*

Upon review, I concluded that this Court lacked jurisdiction over Stewart's claims. *See generally* Oct. 6, 2022 Order, Doc. No. 7 ("the Order"). Accordingly, I denied the motion for a temporary restraining order and dismissed this case. *Id.*

On October 6, 2022, Stewart was ejected from the Property and rendered homeless, causing her pain and suffering. Mot. for Reconsideration, Doc. No. 9, at 2.

## II.     Standard of Review

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration with seven days of the filing of the decision from which the party seeks relief. D. Conn. Local R. Civ. P. 7(c). Nevertheless, Local Rule 7(c) suggests that motions for reconsideration are disfavored, advising that a motion for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." *Id.* Indeed, the Second Circuit has repeatedly held that "[t]he standard for granting [ ] a motion [for reconsideration] is strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995), and principally appropriate where there has been "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up).

**III.     Discussion**

In this motion, Stewart writes that she "asked for two things from the Court – to stop the eviction until the question and basis for the wrongful foreclosure and emergency eviction which [she] was trying to avert due to fraud on the court." Mot., Doc. No. 9, at 2.  As previously explained, federal courts are courts of limited jurisdiction, and this Court may not proceed to the substantive factual and legal issues of a case unless it has statutory or constitutional power to adjudicate the issues. *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asks the Court to exercise its authority to adjudicate her claims; accordingly, the plaintiff bears the burden of establishing the Court's power over the claims. *Makarova*, 201 F.3d at 113.  If she cannot carry her burden of establishing jurisdiction, the defect may not be waived by the parties or otherwise overlooked by the Court.  Instead, the Constitution requires that the Court dismiss the case.

Here, Stewart concludes that this Court erred by dismissing this case because it "lack[ed] the full history." Mot., Doc. No. 9, at 4.  To supply the facts that she contends the Court failed to consider, Stewart's thirty-page motion asserts reasons, including but not limited to the following, why the state court's foreclosure judgment was defective: that she had no valid loan agreement, because her loan agreement had been rescinded and/or was fraudulent, and because the Bankruptcy Court had discharged her debt; that Deutsche Bank had violated the bankruptcy stay; that she had not been supplied with the information necessary to participate in the state court proceedings and defend her claims; that the state court plaintiff had failed to provide her with all of the pre-foreclosure notice required by state law; and that the affidavit providing evidence of her liability was improper evidence. *Id.* at 4-9, 18, 19.  She characterizes her ejectment from the Property as an "illegal and unlawful eviction." *Id.* at 2.  In other words, she continues to appear to challenge the basis for the judgment of foreclosure in her state court case.

Binding authority from the Supreme Court and Second Circuit holds that a federal district court, including this Court, generally lacks jurisdiction over challenges to a judgment of foreclosure. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923*); Gonzalez v. Deutsche Bank Nat. Trust Co.*, 632 F. App'x 32 (2d Cir. 2016) (summary order). For that reason, "a plaintiff who lost possession of [her] home in a state court foreclosure proceeding is barred . . . from attacking the state court judgment in federal district court." *De Fries v. Wells Fargo Bank, N.A.*, 2021 WL 1890296, at *2 (D. Conn. May 11, 2021) (cleaned up).

Stewart asserts that that she "was not asking [the federal court] to adjudicate the [state court] foreclosure . . . but to determine the underlying fundamental questions— standing and jurisdiction." Motion, Doc. No. 9, at 4; *see also id.* at 16-17 (citing to statements of law regarding jurisdiction). However, even if Stewart claims that she challenges the jurisdiction of the housing court over the *Foreclosure Case* and whether the state court plaintiff had standing to bring suit, neither her original motion for a temporary restraining order nor this motion for reconsideration do anything other than attempt to challenge the foreclosure action in Connecticut state court. For example, to support her argument that the state court lacked jurisdiction, Stewart re-asserts reasons this Court should conclude that the underlying judgment of foreclosure was defective: that the state court did not review an original contract and relied on improper records, that the state court improperly admitted testimony from Deutsche Bank's lawyer, and that the loan agreement was fraudulent. *Id.* at 7-10. Furthermore, to support her argument that the state court plaintiff lacked standing, Stewart repeatedly cites to filings from affiant Joseph Esquivel and others in the underlying foreclosure action, challenging the substance of the assertions therein. *Id.* at 10-13. Regardless of the labels of "jurisdiction" and "standing," Stewart principally appears to challenge the basis of the state court foreclosure judgment. For the

4

reasons that I have explained, this Court cannot sit in review of the state court's judgment of foreclosure because it "does not have jurisdiction to entertain a challenge to a state court judgment of foreclosure, however creatively cloaked." *US Bank Tr., N.A. v. Krondes*, 2021 WL 5578090, at *2 (D. Conn. Nov. 30, 2021) (citation and quotation marks omitted).

In sum, Stewart has not set forth a basis for this Court's jurisdiction. For the foregoing reasons, therefore, I must **deny** her Motion for Reconsideration, doc. no. 9.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of January 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge